## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE - OPELOUSAS DIVISION

| | | |
|---|---|---|
| HURLE BRADLEY | * | CIVIL ACTION NO. : 14-3105 |
| VERSUS | * | JUDGE: |
| ST. LANDRY PARISH SHERIFF'S DEPT.,<br>SHERIFF BOBBY GUIDROZ AND<br>DEPUTY JOSHUA GODCHAUX | * | MAGISTRATE: |

**************************************************************************

### COMPLAINT FOR DAMAGES

NOW COMES Plaintiff, Mr. Hurle Bradley, by his attorneys, Doran & Cawthorne PLLC, and complains of Defendants the St. Landry Parish Sheriff's Department (hereinafter sometimes referred to as "SLPSD"), Sheriff Bobby Guidroz and Deputy Joshua Godchaux, who with respect represents as follows:

### INTRODUCTION

1.     Plaintiff, Hurle Bradley was wrongfully arrested and/or detained on or about June 6, 2009 for the crime of Principal to Commit Armed Robbery LARS 14:24, 14:64.  Mr. Bradley was subsequently acquitted of criminal activity after jury trial on the matter, on or about October 25, 2013.

2.     Although no credible evidence supported that Mr. Bradley had actually planned, facilitated or participated in an armed robbery, Defendant, Dty. Joshua Godchaux of the SLPSD, coerced and manipulated statements from an individual with the goal of implicating Bradley in that crime.

3.  Defendant Joshua Godchaux, operating under the color of law, wrongfully abused the judicial process to have Plaintiff, Hurle Bradley arrested, and subsequently tried, for the crime of Principal to Commit Armed Robbery LARS 14:24, 14:64.

4.  As a direct result of Defendant's misconduct which resulted in Plaintiff's wrongful arrest, detention, and trial, Plaintiff sustained substantial damages, including, but not necessarily limited to, mental and psychological anguish, and lost wages during and after the period of detention.

5.  Plaintiff now brings this action against Godchaux, his employer, and his supervisor, to redress pursuant to federal statute and relevant state law to redress the deprivation under color of law of Plaintiff's rights as secured by the United States and Louisiana Constitutions.

6. Further, Plaintiff request a jury trial in all matters.

## STATEMENT OF JURISDICTION AND VENUE

7.  This Honorable Court has federal question jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. 1331, 1332, 1343 (a)(1), (2) and (4) and 42 U.S.C. § 1983.

8.  Federal jurisdiction over pendant state claims is governed by 28 U.S.C. § 1367, which states: "[I]n any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action ... that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred in this judicial district.

9.  Plaintiff brings this action to rederess the deprivation under the color of state law of rights, privileges and immunities secured to him by provisions of the Fifth, Eight, Ninth and Fourteenth Amendments to the United States Constitution.

10.  Venue is proper with this Honorable Court as at all material times, the events giving rise to this litigation occurred in this District, and all parties reside in same.

## PARTIES

11.  Plaintiff, Hurle Bradley, was at all relevant times a citizen of the United States and a resident of Evangeline Parish, Louisiana.  Made defendants in this action are:

12.  Defendant, the St. Landry Parish Sheriff's Department, is a governmental agency headed by Mr. Bobby J. Guidroz, (hereinafter "Sheriff Guidroz"), who is the Sheriff of St. Landry Parish. As the employer of Joshua Godchaux and Sheriff Guidroz, the SLPSD is liable for the acts and omissions under the doctrine of *respondeat superior*.  The SLPSD may be served through Sheriff Guidroz at 108 S. Market St., Opelousas, Louisiana, 70570.

13.  Defendant, Sheriff Bobby Guidroz, enjoys formal authority and control over the conduct of the defendant deputy herein.  Sheriff Guidroz is a policy-maker with respect to the official *modus operandi* of the St. Landry Parish Sheriff's Department, including the specific conduct complained of herein. Sheriff Guidroz is a person of the full age of majority who can be served at 108 S. Market St., Opelousas, Louisiana, 70570.   Sheriff Guidroz is sued in his individual and official capacities.

14.  Defendant, Joshua Godchaux was at all times relevant herein a deputy employed by the St. Landry Parish Sheriff's Department. At all pertinent times herein Mr. Godchaux was acting in his capacity as an agent, servant, and employee of the defendant St. Landry Parish Sheriff's Department, and within the scope of his employment as such. Mr. Godchaux is a person of the full age of majority who can be served at 163 Leonard Miller Road, Eunice, Louisiana, 70535. Joshua Godchaux is being sued in his individual and official capacities.

15. At all times relevant herein, all law enforcement officials herein were acting under color of state law in the course and scope of their duties and functions as agents, servants, and employees of their employer named herein, and otherwise performed and engaged in conduct incidental to their performance of their lawful functions in the course of their duties.

16. On information and belief, the defendant, St. Landry Parish Sheriff's Department's policy, practice and custom of engaging in faulty investigations, false arrests and false imprisonment has been promulgated, effectuated and/or enforced in bad faith as a matter of express policy or custom and contrary to clearly established law.

17. In defiance of the clear constitutional command, the Defendants have at all times relevant herein, promulgated, implemented, enforced and/or failed to rectify a policy, practice and custom allowing officers and deputies deputies to engage in the sort of constitutional violations averred herein without proper oversight or sufficient corrective action. This policy or custom has resulted in the violation of the most fundamental rights of the Plaintiff herein.

18. As a direct and proximate result of the acts described herein effected pursuant to this policy or custom, the plaintiff has suffered severe psychological pain and suffering, mental anguish and loss of wages.

## STATEMENT OF FACTS

19.  On or about May 29, 2009, Johnny Lee Harris, Gerald Moton, Jeremy Moton and Hurle Bradley went to the home of Wayne Duplechain, located in Krotz Springs, Louisiana.

20. At some point in time during the visit an argument ensued, and Johnny Lee Harris produced a firearm in an alleged attempt to rob Wayne Duplechain.  However, nothing of value was taken from Mr. Duplechain and upon the departure of the aforementioned Motons, Bradley and Harris, Wayne Duplechain fired multiple shots in the side and rear of their fleeing vehicle.

21. Bunkie police subsequently detained Gerald Moton.  Hurle Bradley voluntarily came to law enforcement to be interviewed about the incident.

22. While in the custody of law enforcement, both Gerald Moton and Hurle Bradley independently averred that Johnny Harris acted alone and that they were unaware of his possession of a firearm.  Jeremy Moton provided information corroborating what Messrs. Moton and Bradley had informed law enforcement.

23. Hurle Bradley, Gerald Moton and Jeremy Moton were then released due to the lack of evidence implicating them in the alleged robbery. Defendant Godchaux prepared an affidavit to the state district court wherein he specifically stated that the evidence was that Johnny Harris acted alone.

24. Nonetheless, Defendant Godchaux then proceeded to interrogate Johnny Harris, under circumstances wherein he actively coerced Harris to shift the blame to Hurle Bradley, and the others.

25. With a "new" statement from Harris, offered by Harris with the understanding that Godchaux would "assist" Harris by influencing the District Attorney's Department on his behalf, Gochaux initiated efforts to have Hurle Bradley falsely arrested and detained for an extended period of time.

26. Mr. Bradley was eventually tried on the false allegations of Godchaux, but was found not guilty on or about October 25, 2013, by a unanimous twelve person jury of his peers, in the matter of "State v. Hurle Bradley, Docket No. 09-2982-B, 27[th] Judicial District Court".

## CAUSE OF ACTION UNDER 42. U.S.C. SEC. 1983

27. In the manner described above, the Defendants violated Plaintiff Hurle Bradley's constitutional rights, as described earlier herein..

28. The Defendant Godchaux had no objective evidence to directly implicate Hurle Bradley in the planning or commission of the alleged robbery.

29. Defendant Deputy Joshua Godchaux admitted in his original affidavit that Hurle Bradley was without knowledge of Johnny Harris's intent to allegedly rob Wayne Duplechain.

30.  Prior to the recorded interview, Johnny Harris was coerced by Defendant Deputy Godchaux to implicate Plaintiff Hurle Bradley in the alleged planned robbery.  Knowing that the information from Johnny Harris was false, incomplete, and contrary to all other objective evidence, Godchaux nonetheless requested, and obtained a warrant for Hurle Bradley's arrest. Godchaux knew, or should have known, that his actions were in violation of Mr. Bradley's rights as provided by the United States Constitution.

31. Hurle Bradley was imprisoned for nearly (3) years before successfully defending his case. All such proceedings were terminated in Mr. Bradley's favor in a manner indicative of his innocence.

32. Defendant, Sheriff Bobby Guidroz, individually, and in his official capacity as Sheriff of St. Landry Parish, is being sued for the following reasons, to wit:

A.  Failing to adequately supervise Joshua Godchaux's investigation of the above mentioned incident, involving Duplechain, Harris, the Motens and Plaintiff;

B.  Failing to establish and/or maintain policies, procedures, training and/or supervision of his deputies, including Defendant Godchaux;

C.  Failing to promulgate proper policies and procedures which would assure that the employees of the St. Landry Parish Sheriff's Department would adhere to proper standards;

D.  By violating policies and/or procedures and/or general orders applicable under the circumstances.

33.   Defendant, Joshua Godchaux, individually, and in his official capacity as a deputy Sheriff of St. Landry Parish, is being sued for the following reasons, to wit:

A.   The Defendant Deputy Joshua Godchaux intentionally and/or negligently deprived Plaintiff Hurle Bradley of his constitutional rights and participated in unlawful acts including: conspiring to unlawfully seize and detain him, coercing Johnny Harris to involve Plaintiff Hurle Bradley in a crime, providing false inculpatory evidence, and inflicting emotional distress upon Plaintiff.

B.   Failing to do what he should have done and to being callously indifferent to the constitutional rights of Plaintiff, including knowingly violating what he knew or should have known to be those constitutional rights;

C.   Failing to adhere to proper standards;

D.   Failing to following all internal procedures, safeguards and protocol required by generally accepted law enforcement procedures and/or SLPSD procedures.

F.   All of the Defendant Godchaux's actions were undertaken under color of law and within the scope of his employment such that his employer, St. Landry Parish Sheriff's Department, is liable for their actions.

## STATE LAW CLAIMS

34.   Defendants are liable to Plaintiff for their acts and omissions which caused his:

A. Wrongful arrest;

B. Wrongful detention; and

C. Malicious prosecution.

## DAMAGES

34.  Those acts described above caused resulting injury to Plaintiff. These include, but are not necessarily limited to:

A.  Mental suffering and anguish;

B.  Psychological suffering and anguish;

C.  Emotional distress, inflicted both negligently and intentionally;

D.  Economic losses including having to pay Attorney's Fees for the defense of the above mentioned charges; and

E.  Lost wages.

35.  Plaintiff seeks and is entitled to attorney's fees under 42 U.S.C. 1981, 1983 and 1988.

**WHEREFORE**, Plaintiff Hurle Bradley respectfully requests that this Court enter judgment in his favor and against Defendants, the St. Landry Parish Sheriff's Department, Sheriff Bobby J. Guidroz, and Deputy Joshua Godchaux, awarding compensatory damages in an amount of $1,000,000.00, and attorney's fees, along with punitive damages, in reasonable amounts to be determined by this Court, against Defendants, and court costs, as well as any other relief this Court deems just and appropriate.

Respectfully submitted,

**DORAN & CAWTHORNE, P.L.L.C.**

Pride J. Doran, #25035
521 E. Landry Street (70570)
P.O. Box 2119
Opelousas, LA 70571
Phone: (337) 948-8008
Fax: (337) 948-0098

**PLEASE SERVE**:

The St. Landry Parish Sheriff's Department,
Through Bobby Guidroz
108 S. Market St.
Opelousas, La., 70570

Bobby Guidroz
108 S. Market St.
Opelousas, La. 70570

Joshua Godchaux
163 Leonard Miller Road
Eunice, Louisiana 70535