UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| HURLE BRADLEY | CIVIL ACTION NO. 6:14-cv-03105 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| ST. LANDRY PARISH SHERIFF'S DEP'T, ET AL. | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

This Court recently examined its subject-matter jurisdiction *sua sponte*. On May 19, 2018, the parties filed their proposed pretrial order, which restated the defendants' prescription defense, causing the Court to consider whether it has subject-matter jurisdiction over this action.

Federal courts have a continuing obligation to examine the basis for their jurisdiction.[1] The issue may be raised by the parties, or it may be raised by the court *sua sponte*, at any time.[2] In an ordinary civil case, the affirmative defense of prescription or the applicability of a statute of limitations may not be raised by the court *sua sponte*.[3] But when a limitations bar destroys federal-court jurisdiction, a

---

[1] *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

[2] Fed. R. Civ. P. 12(h)(3); *MCG, Inc. v. Great Western Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990); *Oswalt v. Scripto, Inc.*, 616 F.2d 191, 192 (5th Cir.1980); *Baker Oil Tools, Inc. v. Delta S.S. Lines, Inc.*, 562 F.2d 938, 940 n. 2 (5th Cir. 1977).

[3] *Lebouef v. Island Operating Co.*, 342 Fed. App'x 983, 984 (5th Cir. 2009).

court is authorized to examine its subject-matter jurisdiction and, if it finds such jurisdiction lacking, to dismiss the suit *sua sponte*.[4] This is so because the parties cannot waive a lack of subject-matter jurisdiction.[5]

The plaintiff's sole basis for invoking federal-court jurisdiction in this case is the existence of a federal question. He brought his claims under 42 U.S.C. § 1983, asserting that he was wrongfully arrested, detained, and prosecuted and therefore deprived of rights guaranteed by the United States Constitution. There is no constitutional right to be free from malicious prosecution.[6] Therefore, the plaintiff has no such federal claim. For this Court to have subject-matter jurisdiction, the plaintiff's claims for wrongful arrest and detention must be timely. If the plaintiff's false arrest and false detention claims are time-barred, then this Court lacks subject-matter jurisdiction, and the case must be dismissed.

---

[4] See *Lebouef v. Island Operating Co.*, 342 Fed. App'x at 984. See, also, *Gandy Nursery, Inc. v. United States*, 318 F.3d 631, 637 (5th Cir. 2003) ("It is well-established that, if a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to file his action within that period deprives the court of jurisdiction.").

[5] *Bridgmon v. Array Systems Corp.*, 325 F.3d 572, 575 (5th Cir. 2003); *Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 429 (5th Cir. 2002); *Ziegler v. Champion Mortgage Co.*, 913 F.2d 228, 229 (5th Cir. 1990).

[6] *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003). See also *Quinn v. Roach*, 326 Fed. App'x 280, 289 (5th Cir. 2009); *Bloss v. Moore*, 269 Fed. App'x 446, 448 (5th Cir. 2008); *Moore v. Blanco*, 255 Fed. App'x 824, 825-26 (5th Cir. 2007).

Federal law does not establish a statute of limitations for Section 1983 claims; therefore, federal courts hearing Section 1983 claims must borrow a relevant statute of limitations from the forum state.[7] Section 1983 claims are best characterized as personal injury actions, and federal courts borrow the forum state's law governing the prescription of personal injury claims.[8] In Louisiana, personal injury claims are governed by Civil Code Article 3492, which provides for a one-year prescriptive period. Consequently, Louisiana's one-year prescriptive period governs the plaintiffs' Section 1983 claim.[9] On the other hand, federal law determines when a Section 1983 claim accrues.[10] Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury on which his action is based.[11] As

---

[7] *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

[8] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[9] *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989); *McGregor v. LSU Board of Supervisors*, 3 F.3d 850, 863 (1993), *cert. denied*, 510 U.S. 1131 (1994); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

[10] *Jacobsen v. Osborne*, 133 F.3d at 319; *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

[11] *Smith v. Regional Transit Authority*, 827 F.3d 412, 421 (5th Cir. 2016); *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); *Gartrell v. Gaylor*, 981 F.2d at 257.

a result, the limitations period begins "when the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'"[12]

A specific rule applies with regard to the commencement of the prescriptive period for a Section 1983 claim based on false arrest allegations. Such a claim accrues "as soon as the allegedly wrongful arrest occurred, subjecting [the plaintiff] to the harm of involuntary detention,"[13] and the limitations period begins to run "when the allegedly false imprisonment ends."[14] Or, as the Fifth Circuit has stated, "[i]n the context of. . . a claim for. . . wrongful arrest, it is a plaintiff's knowledge of those two events that triggers the limitations period."[15]

This rule has been applied several times. For example, when a plaintiff was allegedly falsely arrested on August 21, 1994 for interfering with a police investigation and jailed, the Fifth Circuit found that his claim accrued not later than the next day when he was released from jail.[16] Similarly, the Fifth Circuit found that a plaintiff "became aware of the injuries upon which his claims for. . . false arrest are

---

[12] *Smith v. Regional Transit Authority*, 827 F.3d at 421 (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)).

[13] *Wallace v. Kato*, 549 U.S. at 388.

[14] *Wallace v. Kato*, 549 U.S. at 389. See, also, *White v. Gusman*, 347 Fed. App'x 66, 67-68 (5th Cir. 2009).

[15] *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

[16] *Jacobsen v. Osborne*, 133 F.3d at 319.

based on the day that those injuries occurred" and held that the limitations period begin running at that time.¹⁷

In this district another court also found that a Section 1983 claim for false arrest and false imprisonment accrued when the plaintiff was released from jail and prescribed one year later.¹⁸ Consistently, this Court has previously found that a plaintiff's claim for false arrest accrued on the day that he was arrested and prescribed before his suit was filed four years later.¹⁹

Although the plaintiff stated in his complaint that he "was imprisoned for nearly (3) years before successfully defending his case" (Rec. Doc. 1 at 6), evidence included in the bench books submitted for this Court's perusal prior to trial indicated that the plaintiff was incarcerated from February 2010 until May 2013 in connection with a separate crime. This Court, therefore, was skeptical about the relevance of that incarceration. Accordingly, this Court ordered the parties to file briefs addressing whether the plaintiff's Section 1983 claims prescribed before this lawsuit was filed.

---

<sup>17</sup>   *Humphreys v. City of Ganado, Tex.*, 467 Fed. App'x 252, 255 (5th Cir. 2012).

<sup>18</sup>   *Matthews v. City of Alexandria*, No. 1:13-CV-02303, 2014 WL 3925191, at *2 (W.D. La. July 18, 2014), *report and recommendation adopted*, 2014 WL 3924638 (W.D. La. Aug. 11, 2014).

<sup>19</sup>   *Alexander v. Lafayette City Parish Consol. Government*, No. 09-1016, 2011 WL 1832616, at *4 (W.D. La. Apr. 15, 2011), *report and recommendation adopted*, 2011 WL 1828379 (W.D. La. May 11, 2011).

The parties complied with the order and submitted briefs addressing this issue. (Rec. Docs. 40, 41).

The plaintiff submitted documents establishing that he was arrested on June 4, 2009 and released from custody on June 8, 2009, when he bonded out of jail. (Rec. Doc. 41-1 at 1). The defendants submitted the affidavit of the assistant warden of the St. Landry Parish Jail, who confirmed that the plaintiff was arrested on June 6, 2009 and released on June 8, 2009 when he posted bond. (Rec. Doc. 40-1 at 1). Because a one-year prescriptive period is applicable, the prescriptive period accrued not later than June 9, 2009 and elapsed at the latest on June 9, 2010. This lawsuit was not filed until October 24, 2014. Therefore, it is clear that the plaintiff's claims accrued on the date that he was released from jail and prescribed one year later. The plaintiff concedes as much but argues that some form of equitable tolling is applicable.

In applying the forum state's statute of limitations, a federal court should also give effect to any applicable state-law tolling provisions.[20] In other words, when a state-law prescriptive period is borrowed, any coordinate state-law tolling rules are also borrowed.[21] Louisiana's general rule for tolling – referred to as *contra non*

---

[20] *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

[21] *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (quoting *Bd. of Regents of the Univ. of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980)); *King-White v. Humble Independent School Dist.*, 803 F.3d 754, 764 (5th Cir. 2015); *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008); *Jackson v. Johnson*,

*valentem* – is that prescription is tolled or suspended when the plaintiff is "effectually prevented from enforcing his rights for reasons external to his own will."[22] Louisiana's federal courts have, on numerous occasions, applied *contra non valentem* in Section 1983 cases.[23] There are four factual situations in which *contra non valentem* prevents the running of the prescriptive period: (1) when a legal cause prevented the courts or court officers from taking cognizance of or acting on the plaintiff's action; (2) when a condition coupled with a contract or connected with the proceedings prevented the plaintiff from suing or acting; (3) when the defendant himself has done some act to prevent the plaintiff from availing himself of his cause of action; or (4) when the cause of action is neither known nor reasonably knowable by the plaintiff even though the plaintiff's ignorance was not induced by the defendant.[24]

---

950 F.2d 263, 265 (5th Cir. 1992); *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993).

[22] *Wimberly v. Gatch*, 635 So.2d 206, 211 (La. 1994).

[23] See, e.g., *Broussard v. Brown*, 599 Fed. App'x 188 (5th Cir. 2015); *Walker v. Gusman*, No. 12-2521, 2015 WL 2354071, at *9 (E.D. La. May 15, 2015); *Hernandez v. Smith*, No. 15-cv-2271, 2015 WL 9921067, at *3 (W.D. La. Sept. 28, 2015), *report and recommendation adopted*, 2016 WL 356044 (W.D. La. Jan. 27, 2016).

[24] *Marin v. Exxon Mobil Corp.*, 2009-2368 (La. 10/19/10), 48 So.3d 234, 245 (quoting *Plaquemines Parish Com'n Council v. Delta Development Co., Inc.*, 502 So.2d 1034 (La. 1987)); *Corsey v. State, Through Dept. of Corrections*, 375 So.2d 1319, 1321-22 (La. 1979); *Burge v. Parish of St. Tammany*, 996 F.2d at 788; *Romero v. City of Youngsville*, No. 13-2928, 2016 WL 2859077, at *2 (W.D. La. May 16, 2016).

The doctrine of *contra non valentem* specifically recognizes that "prescription does not run against a party who is **unable** to act."[25]  "*Contra non valentem* does not suspend prescription when a litigant is perfectly able to bring its claim, but fails or refuses to do so."[26]

In *White v. Gusman,* the plaintiff was arrested on August 25, 2005 for public drunkenness, and the arresting officers confused him with another person with the same name, resulting in his being charged with a parole violation.  He was jailed in Orleans Parish then moved to the Catahoula Correctional Center after Hurricane Katrina.  At both jails, he told the authorities that he had been misidentified.  He was released from custody on August 18, 2006 but he did not file suit until September 21, 2007.  He argued that his suit was timely because the defendants had concealed from him the fact that he had been wrongfully imprisoned.  But the court found that he "was aware of, and actively protested, his wrongful imprisonment well before the date of his release, when the prescriptive period began to run. Because he can point to no

---

[25] *Corsey v. State, Through Dept. of Corrections*, 375 So.2d at 1321.

[26] *Terrebonne Parish School Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002). See, also, *Daigle v. McCarthy*, 444 F.Supp.2d 705, 710 (W.D. La. 2006), *affirmed*, 238 Fed. App'x 1 (5th Cir. 2007).

material fact that was concealed from him, *contra non valentem* provides no relief from prescription."[27]

The plaintiff has offered no evidence whatsoever that would suggest he was unable to bring the suit on a cause of action which indisputably accrued more than four years before suit was actually filed. The plaintiff's argument that his claim did not accrue until the charges against him were dismissed lacks merit, and there is no basis for applying equitable tolling or *contra non valentem*. The plaintiff knew when he was arrested, he knew that his arrest was based on the allegedly erroneous affidavit prepared by Deputy Joshua Godchaux, he knew that he was incarcerated for a few days, but he waited more than four years to assert his claim. For that reason, his claim is prescribed and this Court lacks subject-matter jurisdiction. Accordingly,

IT IS ORDERED that this case is DISMISSED WITH PREJUDICE.

Signed at Lafayette, Louisiana on this 24th day of April 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[27] *White v. Gusman*, 347 Fed. App'x at 68.